UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,** | **CIVIL ACTION NO. 5:22-97-KKC** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **LEXMARK INTERNATIONAL, INC.,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Defendant Lexmark International, Inc. ("Lexmark") filed a renewed partial motion to dismiss or, in the alternative, to phase discovery. (DE 37.) Plaintiff Flexiworld Technologies, Inc. ("Flexiworld") submitted a motion requesting oral argument on the renewed motion to dismiss. (DE 42.) For the following reasons, the Court denies both motions.

**I.    Facts**

    **A.    Instant Action**[1]

Flexiworld is a wireless technology company. (DE 33 ¶ 12.) In April 2022, Flexiworld filed four separate actions against Lexmark, claiming that Lexmark is infringing on Flexiworld's various patents for wireless printing capabilities. (DE 33; DE 34; DE 35; DE 36.) These patents include patents for wireless printing devices, wireless printing software, methods for data output related to wireless printing, and a mobile application used for wireless printing. (DE 33 ¶¶ 21-35; DE 34 ¶¶ 20-39; DE 35 ¶¶ 20-39; DE 36 ¶¶ 25-39.) Flexiworld alleges that Lexmark uses or sells products that infringe on these patents,

---

[1] The four amended complaints in this case are largely identical except that they involve different patents. Therefore, to the extent that the allegations in the amended complaints are identical, the Court will cite to the amended complaint in the lead case. (*See* DE 33.) The Court will refer to the other amended complaints only as necessary.

1

pointing to Lexmark's wireless printers and mobile printing applications. (DE 33 ¶¶ 6-7, 37-39.) In total, the lawsuits are based on fifteen separate patents.[2] The Court consolidated these cases for purposes of discovery and pre-trial proceedings. (DE 31.)

35 U.S.C. § 287(a) governs a patentee's duty to provide notice of its patents to recover damages, including by marking a patentee's products with the applicable patent number. *See* 35 U.S.C. § 287(a). As relevant to § 287(a), Flexiworld specifically alleges the following in its amended complaints:

- "On **information and belief**, with respect to each Patent-in-Suit[,] Flexiworld has complied with the requirements of 35 U.S.C. § 287." (DE 33 ¶ 56 (emphasis added).)
- "Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287." (*Id.* ¶ 57.)
- "Further, **on information and belief**[,] Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit." (*Id.* ¶ 58 (emphasis added).)
- "Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages." (*Id.* ¶ 59.)

---

[2] These patents are: United States Patent Nos. 9,036,181 ("the '181 Patent"), 10,140,071 ("the '071 Patent"), 10,873,856 ("the '856 Patent"), 7,609,402 ("the '402 Patent"), 10,140,073 ("the '073 Patent"), 10,481,846 ("the '846 Patent"), 10,761,791 ("the '791 Patent"), 10,037,178 ("the '178 Patent"), 10,768,871 ("the '871 Patent"), 10,841,798 ("the '798 Patent"), and 11,096,056 ("the '056 Patent"), 9,965,233 ("the '233 Patent"), 10,642,576 ("the '576 Patent"), 10,846,031 ("the '031 Patent"), and RE42,725 ("the '725 Patent"). (DE 33 ¶ 1; DE 34 ¶ 1; DE 35 ¶ 1; DE 36 ¶ 1.)

Flexiworld also names several instances where it claims that it provided notice to Lexmark about the alleged infringement.[3] On July 23, 2021, and October 29, 2021, Flexiworld sent notice letters to Lexmark, identifying Flexiworld's patents and the Lexmark products that were allegedly infringing on those patents. (DE 33 ¶¶ 44-45.) In August 2021, Flexiworld and Lexmark held discussions about the infringement allegations. (*Id.* ¶ 46.) Despite this notice, Flexiworld contends that Lexmark has not sought to halt or remedy the alleged infringement. (*Id.* ¶ 47.)

On August 12, 2022, Lexmark moved to dismiss Flexiworld's original complaints in the consolidated action. (DE 32.) Flexiworld responded by filing four amended complaints on August 31, 2022. (DE 33; DE 34; DE 35; DE 36.) Lexmark then submitted a "renewed" partial motion to dismiss, now shifting its focus to purported conflicts between Flexiworld's amended pleadings and the result in a different litigation involving Flexiworld in a different court in a different district with a different defendant. (DE 37 at 9.) In particular, Lexmark seemingly moves to dismiss the allegations related to § 287(a) as found in Flexiworld's amended complaints or, alternatively, to phase discovery to allow for an early summary judgment motion to narrow the scope of the case. (*Id.* at 5.) Specifically, Lexmark seeks early discovery on whether Flexiworld may recover pre-suit damages. (*Id.* at 13-14.)

B. **Western District of Texas Action**[4]

Lexmark relies upon a decision issued in *Flexiworld Technologies, Inc. v. Roku, Inc.*, a case that Flexiworld filed in the U.S. District Court for the Western District of Texas (the

---

[3] Flexiworld also suggests that Lexmark had notice of Flexiworld's patents as early as April 2002 when a Lexmark manager made statements about Flexiworld's products in an article about Flexiworld. (DE 33 ¶ 41.)

[4] "[A] court ruling on a motion to dismiss may consider materials in addition to the complaint if such materials are public records[.]" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (citation and quotation marks omitted). Because the Roku Case is a matter of public record, the Court may consider it.

3

"Roku Case").[5]  In that case, Flexiworld claimed that Roku, Inc. ("Roku") infringed on its patents for the output of digital content to an output device, such as a television, by using a wireless controller.  (*See* Roku Case, DE 1 ¶¶ 18-37.)  The patents at issue in this case were United States Patent Nos. 8,989,064 ("the '064 Patent"), 10,346,114 ("the '114 Patent"), and 10,740,066 ("the '066 Patent").  (*Id.* ¶ 18.)  Roku eventually moved for summary judgment on Flexiworld's entitlement to pre-suit damages.  (Roku Case, DE 119.)  There, Roku argued that because Flexiworld did not require its licensees to mark any of the asserted patents on the products sold under those patents (the '064 Patent, the '114 Patent, and the '066 Patent), Flexiworld could not recover any damages accrued prior to filing the lawsuit.  (*Id.* at 5.) Roku's motion implicated Microsoft as the licensee that failed to mark its products in violation of § 287(a).  (*Id.*)  Accordingly, the relevant issue was whether Flexiworld and its licensees complied with § 287(a)'s marking requirements vis-à-vis the asserted patents, i.e., the '064 Patent, the '114 Patent, and the '066 Patent.

At the pretrial conference between the parties, the Court orally granted Roku's motion.  (Roku Case, DE 199 at 30:5.)  Only a redacted copy of the transcript of the pretrial conference is available to this Court.  (*See id.*)  The sole unredacted statement that the Court made in ruling on the motion was, "The Court is going to grant this motion."  (*Id.*)  A written decision was never issued because Flexiworld and Roku later settled the case, and jointly moved to dismiss it.  (Roku Case, DE 203.)  As a condition of that settlement, the Court also vacated its prior oral ruling on Flexiworld's ineligibility to recover pre-suit damages due to its failure to comply with § 287(a).  (*Id.*)  After Lexmark filed a notice of the vacatur, (DE 40), Flexiworld submitted a request for oral argument regarding the renewed partial motion to dismiss, (DE 42).

---

[5] This case is found at docket number 6:20-cv-00819-ADA.

## II. Analysis

### A. Standard

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a complaint states a claim for the relief sought, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020) (citations and quotation marks omitted).

### B. Mootness of Initial Motion to Dismiss

Before ruling on the merits of Lexmark's instant motion to dismiss, the Court will address Lexmark's statements regarding Flexiworld's decision to file first amended complaints in lieu of responding to Lexmark's initial motion to dismiss. (*See* DE 37 at 5-6.) Lexmark apparently takes umbrage with the fact that Flexiworld amended its complaints without contacting Lexmark in advance about the amendments and without responding to the initial motion to dismiss. (*Id.*)

But Lexmark misrepresents the nature of pleading practice. "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). Lexmark filed its motion to dismiss on August 12, 2022, and Flexiworld filed its first amended complaints on August 31, 2022—well within the 21-day window. Therefore, Flexiworld properly amended its complaints as a matter of course. Since the filing of an amended complaint generally moots a motion to dismiss the prior

5

complaint, Flexiworld had no obligation to respond to Lexmark's initial motion to dismiss. *Truesdell v. Friedlander*, Civil No. 3:19-cv-00066-GFVT, 2020 WL 5111206, at *2 n.1 (E.D. Ky. Aug. 31, 2020); *see also Profitt v. Ferris*, Civil Action No. 5:19-215-DCR, 2019 WL 13212608, at *1 (E.D. Ky. Aug. 14, 2019) ("An amended pleading typically supersedes the original filing.") That is particularly salient here, where, by its own words, Lexmark "renew[ed] its motion to dismiss against Flexiworld's new marking allegations" because the amendments "changed the state of the facts." (DE 37 at 5-6.) And while Lexmark labels this as a "renewed motion," it never revisits the arguments it raised in the initial motion to dismiss as applied to the amended complaints. *Cf. Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("In evaluating the motion to dismiss the amended complaint, the Court only considers those arguments in the first motion to dismiss that are specifically incorporated or referred to in the defendants' motion to dismiss the amended complaint.").

Because Flexiworld's amendment was proper and because Lexmark's renewed motion solely focuses on Flexiworld's marking allegations, the Court finds that Lexmark's initial motion to dismiss is moot. Accordingly, the Court will only reach the arguments raised in the renewed motion.

    **C.    Flexiworld's Compliance with 35 U.S.C. § 287(a)**

While Lexmark discusses the Roku Case at length in its motion to dismiss, the ultimate relevance of Roku's successful motion for summary judgment is unclear. What is clear is that, according to Lexmark, the Western District of Texas found that Flexiworld's licensees had a marking obligation under 35 U.S.C. § 287(a), and because those licensees did not mark their products, Flexiworld and its licensees violated § 287(a). (DE 37 at 6, 10-11.) Through this lens, Lexmark apparently challenges the nature of Flexiworld's marking allegations in this case, and, in passing, suggests that the same allegations are subject to

6

issue preclusion. To best make sense of Lexmark's motion, the Court will analyze Lexmark's arguments in a similar fashion. At the outset, the Court will discuss the preclusive effect of the Roku case on the instant action against the backdrop of § 287(a). Then, the Court will examine the sufficiency of Flexiworld's marking allegations.

### 1. Preclusive Effect of the Roku Case

Federal law governs the preclusive effect of a federal court judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). Under federal law, a defendant may raise defensive nonmutual issue preclusion. *Funk-Vaughn v. Rutherford Cnty., Tenn.*, NO. 3:18-cv-01311, 2019 WL 4727642, at *3 (M.D. Tenn. Sept. 27, 2019). Accordingly, Lexmark may properly raise issue preclusion against Flexiworld, even though it was not a party to the Roku Case.

The party raising issue preclusion bears the burden of establishing its elements. *Taylor*, 553 U.S. at 907; *Comm. to Impose Term Limits on Ohio Supreme Ct. & to Preclude Special Legal Status for Members & Emps. of Ohio Gen. Assembly v. Ohio Ballot Bd.*, 885 F.3d 443, 447 n.1 (6th Cir. 2018). To establish issue preclusion, that party must show:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom [preclusion] is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Pram Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445, 448-49 (6th Cir. 2013). Importantly, "[i]ssue preclusion requires the issue decided in the earlier litigation to be the same as the one currently before the court." *Dunn v. Adams, Stepner, Woltermann & Dusing, PLLC*, CIVIL CASE NO. 19-4-DLB-CJS, 2019 WL 6135043, at *7 (E.D. Ky. Nov. 19, 2019) (citation and quotation marks omitted). "Analogous" issues are insufficient—issue preclusion will only apply if the issues raised in the present case and the prior proceeding are identical.

7

*Verizon N. Inc. v. Strand*, 367 F.3d 577, 583 (6th Cir. 2004) ("Collateral estoppel is not proper here because the issue presented on appeal is not identical to that resolved in the earlier litigation . . . The issues are undoubtedly close, but they are not identical because they . . . differ in substance.") (citation and quotation marks omitted); *Funk-Vaughn*, 2019 WL 4727642, at *3 ("In the prior lawsuit, dispositive issues were actually litigated by, and decided against, Plaintiff; those same issues (involving identical factual allegations) are dispositive in this case."); *Leinweber v. Bank of N.Y. Mellon*, No.: 3:12-CV-370, 2013 WL 12250812, at *4 (E.D. Tenn. Mar. 4, 2013) ("Both actions are based on nearly identical facts, and the dismissal of plaintiffs' prior lawsuit . . . operates as an adjudication on the merits for the purposes of issue and claim preclusion.").

The issue that Lexmark purports is the same between this case and the Roku Case is whether Flexiworld and its licensees violated 35 U.S.C. § 287(a) by failing to fulfill their marking obligations under that statute. So, to fully understand the applicability of issue preclusion to Flexiworld's marking allegations, the Court must consider the contours of § 287(a).

35 U.S.C. § 287(a) requires a patentee to provide notice of its patented articles in order to recover damages for infringement. 35 U.S.C. § 287(a)[6]. A patentee may give notice (1) by

---

[6] 35 U.S.C. § 287(a) provides in full: "Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent, or by fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a).

marking the product, i.e., affixing its patent number to the product; (2) by marking the product's packaging if the product is such that the patentee cannot mark it; or (3) by giving actual notice to the infringer. *Tempur World, LLC v. Therapedic Sleep Prods., Inc.*, Civil Action No. 07-280-JMH, 2008 WL 11472214, at *1 (E.D. Ky. Jan. 10, 2008). However, § 287(a)'s notice requirement does not apply if (1) the patent governs processes or methods, or (2) the patentee never makes or sells ("practices") the patented product. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). "A patentee's licensees must also comply with § 287." *Id.*

"[T]he patentee cannot collect damages until it either begins providing notice or sues the alleged infringer." *Id.* In this way, § 287(a) acts as a limitation on the damages a patentee may recover, rather than a complete defense to infringement claims. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("Section 287 is thus a limitation on damages, and not an affirmative defense."). Consequently, if the patent governs processes or methods, or the patentee does not practice the patent, the patentee may collect damages without giving notice to the alleged infringer. *Arctic Cat.*, 950 F.3d at 864.

Lexmark's position seems to be this: the Western District of Texas found that <u>all</u> of Flexiworld's licensees have a marking obligation under § 287(a), irrespective of the corresponding patent. The Western District of Texas also found that <u>none</u> of those licensees marked their products, and therefore, Flexiworld and <u>all</u> of its licensees have violated § 287(a). This would mean that the relevant licensees for the asserted patents in *this* case violated § 287(a), thereby limiting the amount of damages Flexiworld may recover.[7]

---

[7] To support its issue preclusion argument, Lexmark references an interrogatory response that Flexiworld provided in the Roku Case. The response stated that Flexiworld "[had] not undertaken any effort to require any licensee to mark their products with the patent number of any Flexiworld patent," but that "none of Flexiworld's licensees . . . had or have an obligation to mark their products" in this way. (DE 37-3 at 54.) While answers to

9

Lexmark's position is untenable for several reasons. [8]

Lexmark does not meet its burden to establish issue preclusion at the jump. Its only reference to issue preclusion is a single sentence: "[I]n this case[,] patent compliance with the marking statute appears to be ripe for issue preclusion, *i.e.*, Flexiworld had a full and fair opportunity to litigate that issue before and lost." (DE 37 at 11.) Nowhere does Lexmark further explain how or why Flexiworld had a full and fair opportunity to litigate the issue. Lexmark does not even mention the three remaining elements required to show issue preclusion. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and quotation marks omitted). Accordingly, Lexmark's assertion of issue preclusion fails on this ground alone.

Moreover, Lexmark's issue preclusion argument also fails because the issue before the Court in the Roku Case is not the precise issue that this Court will examine here. Lexmark characterizes the issue in the Roku Case as whether Flexiworld and its licensees complied with § 287(a)'s marking requirements for all of Flexiworld's patents, full stop. (DE 37 at 6,

---

interrogatories may constitute admissions, those admissions "are not necessarily binding." *Holbrook v. Prodomax Automation Ltd.*, Case No. 1:17-cv-219, 2020 WL 6498908, at *2 (W.D. Mich. Nov. 5, 2020) (citing *Freed v. Erie Lackawanna Ry. Co.*, 445 F.2d 619, 621 (6th Cir. 1971)). The Court is not convinced that Flexiworld's interrogatory response is binding here, especially considering that it was provided as part of discovery in another action.

[8] In *Watermark Senior Living Retirement Communities, Inc. v. Morrison Management Specialists, Inc.*, the Sixth Circuit held that even if a judgment is set aside or vacated as a condition of settlement, a party can still use the original judgment to raise issue preclusion. 905 F.3d 421, 427 (6th Cir. 2018). In that instance, the rendering court's decision is preclusive if it was "sufficiently firm." *Id.* at 428. The Court need not decide whether the Western District of Texas's vactur of its prior ruling on Flexiworld's eligibility to receive pre-suit damages bars any argument of issue preclusion because Lexmark's motion fails for other reasons. However, *Watermark* suggests that, despite the Court's vacatur in the Roku Case, Lexmark may still assert issue preclusion for issues decided in that litigation.

10-11.) On its part, the Court hesitates to construe the issue in the Roku Case so broadly or stretch the bounds of Roku's arguments that far. As framed in Roku's motion for summary judgment, the issue is narrower. (Roku Case, DE 119 at 5.) Instead, that motion raised the issue of whether Flexiworld and Microsoft, its licensee, complied with § 287(a)'s marking requirements as applied to the '064 Patent, the '114 Patent, and the '066 Patent.[9] (*Id.*) Here, the issue is whether Flexiworld and the relevant licensees of the fifteen patents asserted in this case have complied with § 287(a)'s marking requirements as applied to those fifteen specific patents.[10] Notably, the patents asserted in the Roku Case are completely different than the patents asserted here with no overlap between them. The Roku Case involves patents related to outputting digital content through a wireless controller, while the ones here relate to wireless printing. And while Lexmark has not identified the entities with licenses to use the patents asserted in this case, presumably, this case also involves different licensees.

The issue raised in the Roku Case is analogous to the one raised in the immediate case in that both ask a similar question in the abstract—have Flexiworld and its licensees complied with § 287(a)'s marking requirements as applied to the specific patents asserted in each case? When that question is viewed in the context of the individual facts of each case, the resulting issues are ultimately different, even if similar. And analogous issues are not

---

[9] Further complicating Lexmark's already flimsy position is that the Court cannot access the unredacted transcript of the pretrial conference in the Roku Case, which presumably includes the Judge's full reasoning for granting Roku's motion for summary judgment on the pre-trial damages issue. (*See* Roku Case, DE 199 at 25-30.) Without the benefit of a written decision (and based on Roku's initial briefing on the issue), the Court is left to analyze the issue raised in the Roku Case on the limited record before it.

[10] Again, these patents are the '181 Patent, the '071 Patent, the '856 Patent, the '402 Patent, the '073 Patent, the '846 Patent, the '791 Patent, the '178 Patent, the '871 Patent, the '798 Patent, the '056 Patent, the '233 Patent, the '576 Patent, the '031 Patent" and the '725 Patent. (DE 33 ¶ 1; DE 34 ¶ 1; DE 35 ¶ 1; DE 36 ¶ 1.)

11

enough for issue preclusion, which requires the issues to be identical. That the Roku Case and this case involve different patents is significant—different patents create different marking obligations. For example, in instances where the patent governs processes or methods, or the patentee never practices the patent, the patentee has no notice requirement at all. Lexmark argues that no matter what patent is implicated, "[t]he result is likely the same."[11] (DE 39 at 5.) But the Court cannot apply issue preclusion based on mere likelihood.

Because Lexmark failed to demonstrate that the issues in this case and the Roku case are the same, the Court will not analyze the remaining elements of issue preclusion. To the extent that Lexmark moves to dismiss any part of Flexiworld's amended complaints based on issue preclusion, the Court denies the motion.

## 2. Sufficiency of Flexiworld's Marking Allegations

In addition to raising its issue preclusion argument, Lexmark raises various arguments attacking the sufficiency of Flexiworld's marking allegations. The Court will address these in turn.

In raising challenges to a patentee's compliance with § 287(a) for failure to mark, the alleged infringer has the initial burden to "articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat,* 876 F.3d at 1368. The burden then shifts to the patentee to "prove the products identified do not practice the patented invention." *Id.* This means that, as an initial matter, Lexmark must articulate the products that it believes constitute unmarked patented articles under § 287 in relation to the patents Flexiworld

---

[11] In attempting to stage another "gotcha moment" against Flexiworld in its reply brief, Lexmark states, "Flexiworld fails to inform the Court that at least some of its licenses ***do*** implicate the patents here," and cites to another case in the Western District of Texas (*Flexiworld Technologies, Inc. v. Canon Inc.*, Docket Number 6:21-cv-00143-ADA). (DE 4-5 (emphasis in original).) But that is not the case Lexmark relied upon to raise issue preclusion to this Court, and in any event, a party waives arguments raised for the first time in a reply. *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir. 2010).

asserts in this case. Lexmark has not met this initial burden because its motion does not identify any products that are potentially unmarked patented articles. Nor does the motion identify any specific licensee authorized to use these particular patents. Therefore, Lexmark's challenge to Flexiworld's marking allegations cannot succeed due to Lexmark's failure to fulfill its initial burden.

Lexmark also objects to the two marking allegations that Flexiworld pleads upon "information and belief." (DE 37 at 12.) These allegations are: (1) **"[o]n information and belief,** with respect to each Patent-in-Suit[,] Flexiworld has complied with the requirements of 35 U.S.C. § 287," and (2) **"on information and belief[,]** Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit." (DE 33 ¶¶ 56, 58 (emphasis added).)

The case law does not go that far. If allegations are plead upon "information and belief," a claim is still plausible according to the *Twombley/Iqbal* standard under certain circumstances. *Thurman v. City of Frankfort*, Civil No. 3:21-CV-00013-GFVT, 2022 WL 701009, at *5 (E.D. Ky. Mar. 8, 2022). In those circumstances, "a plaintiff must plead supporting facts which render [its] claim plausible beyond just [its] personal belief that it is true." *Id*. Therefore, the words "information and belief" do not automatically nullify a complaint. *See Evans v. Armenta*, 134 F. Supp. 3d 1052, 1058 (E.D. Ky. 2015) ("The [Plaintiff] argues, first, that its use of the words 'information and belief' are not fatal to its complaint. The Court agrees.").[12]

---

[12] Despite Lexmark's argument to the contrary (DE 37 at 6, 10), a patentee's compliance with § 287(a) is a question of fact, not law. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001). Since the Court has found that Flexiworld's marking allegations are plausible for purposes of a motion to dismiss, determination of that issue is inappropriate at this stage.

Here, Flexiworld's use of the words "information and belief" do not invalidate its marking allegations or amended complaints because Flexiworld pleads other supporting facts that render its claims plausible. Regarding Flexiworld's allegation that it has complied with § 287 with respect to each asserted patent"[o]n information and belief," Flexiworld also pleads that it has "not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking" § 287. (DE 33 ¶ 57.) As discussed *supra*, a patentee like Flexiworld does not have a marking obligation if it does not practice the patent. *Arctic Cat.*, 950 F.3d at 864. This is sufficient for the Court to "draw the reasonable inference" that Flexiworld complied with § 287. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). For the same reasons, Flexiworld's allegation that "on information and belief," its licensees "did not make, offer to sell, sell, or import products" requiring marking or did not otherwise have a marking obligation under § 287 is plausible. Considering that each of the amended complaints contain at least sixty paragraphs of factual content supporting Flexiworld's claims (*see* DE 33; DE 34; DE 35: DE 36), these two incidences of the phrase "information and belief" do not necessitate the dismissal of the marking allegations or the amended complaints in their entirety. *Evans*, 134 F. Supp. 3d at 1059-60 ("information and belief" pleading sufficient where plaintiff included "nearly thirty paragraphs of factual content").

Lexmark further claims that Flexiworld did not respond to the "information and belief" argument in the motion to dismiss, and therefore, Flexiworld concedes the argument. (DE 39 at 3.) This is not so. Throughout its response, Flexiworld states that "Lexmark ***has not alleged that Flexiworld's allegations in its [first amended complaints] in these cases are insufficient***, which is the relevant inquiry for a motion to dismiss." (DE 38 at 11 (emphasis in original).) This is an accurate statement of the law and directly addresses the

14

pleading requirements a complaint must meet to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Lexmark's stance on "information and belief" pleading oversimplifies the Court's analysis. The Court's analysis does not stop at whether a plaintiff used the words "information and belief" in pleading its allegations. Instead, as Flexiworld argues repeatedly, the Court considers the sufficiency of the factual content underpinning those allegations on a motion to dismiss. (DE 38 at 7, 11, 16-17.) For purposes of this motion, Flexiworld's allegations are sufficient.

The Court makes one last note—the remedy that Lexmark seeks in its motion to dismiss is not entirely clear. To receive damages accrued from infringement prior to the filing of a lawsuit, the plaintiff-patentee must have marked the product, provided actual notice to the alleged infringer, or maintained a patent that is otherwise exempt from the requirements of § 287(a). *Tempur World*, 2008 WL 11472214, at *1. Implicitly, § 287(a) functions to limit a patentee's damages, not provide the defendant with a complete defense to infringement claims. *Arctic Cat,* 876 F.3d at 1366. In its reply, Lexmark states, "[T]he most straightforward remedy is to dismiss the amended complaint in its entirety." (DE 39 at 6.) Even if the Court found that Flexiworld's marking allegations were insufficient or that Flexiworld failed to fulfill its marking obligations, Lexmark's requested remedy defies logic, given that the failure to mark is not a defense that warrants the dismissal of an infringement claim.

In the same vein, Flexiworld's compliance with the marking requirement is not dispositive to whether Flexiworld may collect pre-suit damages. Separate and apart from marking products, a patentee may also provide adequate notice under § 287(a) by giving actual notice to the alleged infringer. That is, in cases where a patentee had a marking obligation but did not mark its products, the patentee can still collect pre-suit damages if it

gave actual notice. A patentee gives actual notice when it affirmatively communicates its accusation of infringement to the alleged infringer. *See Radar Indus., Inc. v. Cleveland Die & Mfg. Co.*, No. 08-12338, 2010 WL 777077, at *3 (E.D. Mich. Mar. 4, 2010). In the amended complaints, Flexiworld identifies multiple instances where it gave Lexmark actual notice of the infringement before filing the lawsuit: (1) on July 23, 2021, when Flexiworld sent Lexmark a notice letter; (2) in August 2021, when Flexiworld and Lexmark held discussions about the infringement allegations; and (3) on October 29, 2021, when Flexiworld sent Lexmark another notice letter. (DE 33 ¶¶ 44-46.) These allegations of actual notice plead a plausible avenue for Flexiworld to recover pre-suit damages. Therefore, even if the Court found that Flexiworld's marking allegations were insufficient, it could not find that Flexiworld is barred from claiming pre-suit damages at this stage.

To the extent that Lexmark moves to dismiss any part of Flexiworld's amended complaints based on insufficient marking allegations, the Court denies the motion. Because the motion to dismiss is resolvable on the briefings, oral argument on the motion is unnecessary, and the Court also denies that request as moot.

### D. Request to Phase Discovery

Lexmark requests phased discovery to allow for the early resolution of whether Flexiworld may recover pre-suit damages in order to "narrow [the] issue of potential damages available" and the scope of the case. (DE 37 at 14.) Lexmark further argues that "framing the proper time period for damages here will allow both sides to understand the full financial scope of this case" and "will almost necessarily force the parties to reassess how many resources they wish to devote to this case." (DE 39 at 7-8.)

From the Court's understanding, this mean that parties will first undergo discovery and motions practice on damages, while staying discovery as to the issue of liability for the

16

infringement claims. Only after the Court resolves the issue of damages will discovery commence as to liability.

Courts "retain[] broad discretion in determining whether to stay discovery until preliminary questions which may dispose of the case are answered." *Ashland Hosp. Corp. v. RLI Ins. Co.*, Civil Action No. 0:13-143-DLB, 2014 WL 6883080, at *2 (E.D. Ky. Dec. 5, 2014) (Atkins, M.J.) (citation and quotation marks omitted). However, the party moving to stay discovery must "make a strong showing of good cause" to justify the stay. *Burges v. BancorpSouth, Inc.*, CASE NO. 3:14-1564, 2015 WL 13628132, at *3 (M.D. Tenn. Oct. 26, 2015) (Knowles, M.J.) (citation and quotation marks omitted).

Lexmark's request to phase discovery fails for two reasons. First, as discussed above, Flexiworld's eligibility to recover pre-suit damages is not dispositive and is without regard to the merit of Flexiworld's actual infringement claims. *Cf. Burges*, 2015 WL 13628132, at *3 ("[The Federal Rules of Civil Procedure] enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.") (citation omitted). That issue only bears on the amount of damages available to Flexiworld if it proves its case. And, because Lexmark does not appear to concede liability, the Court finds no reason to stay discovery on the merits of the case. Second, Lexmark has not made a strong showing that good cause justifies staying discovery as to liability because it does not identify any circumstances that are unique to this case. The Court recognizes that the potential financial resources Flexiworld and Lexmark may expend in litigating this matter will inevitably inform their legal strategies moving forward. However, this cost/benefit calculus applies to every case. But not every case requires phased discovery. Considering the heavy burden Flexiworld must bear to show good cause, the Court must deny its request to phase discovery.

17

### E. Allegations of Unprofessional Conduct

Both Flexiworld and Lexmark's submissions are replete with allegations of unprofessional conduct, thinly veiled threats of sanctions, and instances of communication breakdowns between counsel outside of the presence of this Court. (DE 37 at 6 n.2, 12-13; DE 38 at 8, 17-18.) Flexiworld asks the Court to either "admonish" Lexmark for its insinuations that Flexiworld submitted false allegations in its amended complaints or deny Lexmark's motion outright. (DE 38 at 18.) Lexmark asks the Court to dismiss Flexiworld's amended complaints if Flexiworld did indeed plead falsely. (DE 37 at 13.)

While the Court understands the nature of litigation is sometimes contentious, such mudslinging between parties is not properly before this Court. Nor is it relevant to the remedy sought in a motion to dismiss. If either party believes that counsel has violated the Rules of Professional Conduct, that party should instead file a well-founded motion under Rule 11 of the Federal Rules of Civil Procedure.

## III. Conclusion

Accordingly, the Court hereby ORDERS as follows:

1. Defendant Lexmark International, Inc.'s initial Motion to Dismiss for Failure to State a Claim (DE 32) is DENIED as moot;

2. Defendant Lexmark International, Inc.'s renewed partial Motion to Dismiss for Failure to State a Claim (DE 37) is DENIED;

3. Defendant Lexmark International, Inc.'s Alternative Motion to Phase Discovery (DE 37) is DENIED; and

4. Plaintiff Flexiworld Technologies, Inc.'s Request for Oral Argument (DE 42) is DENIED as moot.

This 20th day of March, 2023.

                                                 KAREN K. CALDWELL
                                                 UNITED STATES DISTRICT JUDGE
                                                 EASTERN DISTRICT OF KENTUCKY